**FILED**

**March 3, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.C. and S.T.**

**No. 25-246** (Raleigh County CC-41-2024-JA-29 and CC-41-2024-JA-30)

## MEMORANDUM DECISION

Petitioner Father W.T.[1] appeals the Circuit Court of Raleigh County's March 19, 2025, adjudicatory order, arguing that the circuit court erred in finding that he abused and neglected A.C. and S.T.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in February 2024, alleging that the petitioner sexually abused A.C. and that S.T. lived in the home during the abuse.[3] The circuit court held an adjudicatory hearing in March 2025, and the DHS presented several witnesses. First, a Child Protective Services ("CPS") worker testified to her initial investigation of the allegations in the petition, which prompted her to facilitate forensic interviews of the children. The Child Advocacy Center ("CAC") forensic interviewer then testified that when she interviewed A.C., he disclosed that the petitioner had sexually abused him on two occasions in early 2024, one involving anal penetration and one involving inappropriate touching, and that he was shown pictures and videos of adults with no clothing. The interviewer further testified, as an expert, that A.C.'s disclosures were consistent and that he did not appear to have been coached. The interviewer's written report, as well as the recordings of her CAC interviews with A.C., were admitted into evidence. Next, the court heard expert testimony from Dr. Joan Phillips, a child abuse pediatrician, who testified that she conducted A.C.'s medical exam. Dr. Phillips testified that A.C.'s rectal exam was "strongly suspicious" of sexual abuse and consistent with the child's disclosure of anal penetration. Specifically, the doctor testified that she observed atypical rectal scarring. Additionally, A.C. had reported experiencing constipation and blood in his stool, which was consistent with the alleged sexual abuse. Dr. Phillips further testified that when performing the exam, it would have been important to be made aware of any rectal surgery that the child may have had.

---

[1] The petitioner appears by counsel Brandon Gray. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Carl E. Hostler. Counsel Adam D. Taylor appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The petitioner is the biological father of S.T. and the stepfather of A.C.

Next, the petitioner testified, denying the allegations that he had sexually abused A.C. The petitioner also called A.C.'s mother, M.C.-T., as a witness. She testified that she had voluntarily relinquished her rights to A.C. and that she was still in a relationship with the petitioner. Without providing any medical records, M.C.-T. testified that A.C. had anal fissure surgery when he was an infant and the family had to fly to Hawaii to get the surgery. When asked why she had not mentioned this surgery before, especially before voluntarily relinquishing her own parental rights to A.C., M.C.-T. said it was because she was not asked about the surgery. Additionally, M.C.-T. admitted that she did not believe that the petitioner sexually abused A.C. At the conclusion of the adjudicatory hearing, the circuit court stated that M.C.-T.'s testimony was "the most disingenuous and . . . absolutely fabricated out of whole-cloth testimony" the court had ever heard, emphasizing that M.C.-T. never mentioned this explanation for the child's rectal scarring until the petitioner's adjudication. Conversely, the court found that the disclosures by the child were truthful and consistent with the evidence presented. Accordingly, the court found, by clear and convincing evidence, that the petitioner sexually abused A.C. on at least two occasions in early 2024. Further, the court found that the abuse of A.C. was imputed to S.T., who also lived in the home. It is from the adjudicatory order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, the circuit court's findings "shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Before this Court, the petitioner argues that the circuit court did not have sufficient evidence to find that he sexually abused A.C. West Virginia Code § 49-4-601(i) requires the circuit court to determine "whether the child is abused . . . based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence." Further, "[t]he statute . . . does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syl. Pt. 3, *In re F.S.*, 233 W. Va. 538, 759 S.E.2d 769 (2014) (quoting Syl. Pt. 3, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995)). In regard to this burden, we have explained that "[c]lear and convincing evidence means that more than a mere scintilla of evidence has been presented to establish the veracity of the allegations of abuse and/or neglect, but it does not impose as exacting an evidentiary burden as criminal proceedings which generally require proof beyond a reasonable doubt." *In re A.M.*, 243 W. Va. 593, 598, 849 S.E.2d 371, 376 (2020).

The evidence presented by the DHS included A.C.'s recorded statements regarding sexual abuse by the petitioner and the CAC interviewer's testimony that the child's allegations were

---

[4] M.C.-T. voluntarily relinquished her parental rights to A.C. and the petitioner voluntarily relinquished his custodial rights to A.C. prior to the adjudicatory hearing. On appeal, the petitioner raises no challenge to the termination of his custodial rights to that child. Permanency has been achieved for A.C., who remains in the custody of his nonabusing father. According to the parties, the petitioner's parental rights to S.T. were terminated during the pendency of this appeal and the permanency plan for that child is to remain in the custody of her nonabusing mother.

consistent and credible. The circuit court also heard expert testimony from Dr. Phillips, who stated that the child's medical exam supported the child's disclosures, and reviewed the initial CPS investigator's report. Based on this evidence, the court determined that clear and convincing evidence established that the petitioner sexually abused A.C. on two occasions. Although the petitioner argues that M.C.-T.'s testimony regarding A.C.'s rectal surgery was "exculpatory" and that the court should have given this more weight than the testimony of Dr. Phillips, the record shows that the court acknowledged this testimony, but found that it lacked credibility. We refuse to disturb these determinations on appeal. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."); *see also In re D.S.*, 251 W. Va. 466, 472, 914 S.E.2d 701, 707 (2025) (stating that this Court will review a circuit court's decision under the applicable standards and will "not reweigh the evidence or make credibility determinations"). Further, because S.T. lived in the home with A.C. and the petitioner during the abuse, the abuse is imputed to S.T. pursuant to West Virginia Code § 49-1-201. *See* Syl. Pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) (holding that when there is clear and convincing evidence that a child has suffered physical or sexual abuse by a parent or custodian, another child residing in the home is considered an abused child under W. Va. Code § 49-1-201). Based on the foregoing, we conclude that the circuit court did not err in finding that the petitioner abused and neglected the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 19, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III